E. W. SKINNER, *et al.*, Appellants, v. DAVID G. BROWNE.

THAT THE ASSETS OF AN INSOLVENT'S ESTATE, WHICH PAID A DIVIDEND OF BUT THIRTY-TWO PER CENT. WERE NOMINALLY LARGELY IN EXCESS OF THE LIABILITIES, IS NO EVIDENCE OF MALADMINISTRATION.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, OCTOBER 25, 1895.

This is a suit in equity for an accounting by the defendant, who was assignee of an insolvent debtor. There was a full hearing in the district court, and a decree was entered against the plaintiffs, from which they appealed.—*Affirmed.*

*J. S. Lothrop* for appellants.

*Joy, Call & Joy,* for appellee.

Rothrock, J.—This action was commenced in the district court in the year 1888. It was tried and submitted in that court at the October term, 1891. It was taken under advisement, and the decree from which this appeal was taken was entered in February, 1893. The case was submitted to this court at the January term, 1895. Wetzel, the insolvent debtor, made an assignment of this property for the benefit of his creditors in December, 1883. A few days afterward he executed another assignment of the same property to the

defendant, for the purpose of changing, explaining, and perfecting the first deed of assignment. Wetzel was a merchant at Ft. Benton, Mont. He had been engaged in that business for a number of years. He kept a general store, and carried a large stock of all kinds of goods adapted to the trade in that country. He was in debt in quite a large amount to many creditors. The plaintiffs in this suit are thirteen in number, and the debts due them were for goods sold to Wetzel. It is charged that the defendant ought to be held liable to the plaintiffs, because he grossly mismanaged the trust which was confided to him, and failed to collect the debts due to Wetzel, fraudulently entered into a combination and conspiracy by which the store, goods, and certain real estate and other assets, were sold at a grossly inadequate price. It appears that the deeds of assignment were duly recorded in the proper public records of Montana, and that a proceeding was had in the district court of Montana, by which the defendant's acts and doings in the premises were approved, and his report as assignee was confirmed, and he was discharged. By the assignment there was a claim of twenty-five thousand dollars which was preferred because before the assignment was made the property was attached at the suit of the holder of the claim. This debt was paid in full, and thirty-two per cent. of the claims of the other creditors was paid. We have given the time which this case was under consideration after submission in the district court, and the time of its submission in this court, to show that there has been no haste in passing upon the case. The fact is that the whole administration of the trust is attacked; the value of a large number of town lots in Ft. Benton is in issue; and the value of the stock of goods, and a great many of the claims due to Wetzel for goods sold, and which claims were not collected by the assignee, are in dispute; the plaintiffs claiming that they could have been collected, and the defendant insisting that they were worthless. And the charge that the remnant of the goods and the real estate and other assets were disposed of fraudulently and by a conspiracy is the subject of contention. There is a large mass of evidence upon these questions, which it has been necessary to examine with care. Our conclusion is not different from that arrived at by the learned district judge from whose decree this appeal was taken. There is no controlling question of law in the record, and it would be utterly useless to set out and discuss the testimony of the witnesses. To do so would require an opinion of unwarranted and unnecessary length. It is true that the assets were nominally largely in excess of the debts. But the nominal value was no aid in determining actual values. The decree of the district court is *affirmed*.